IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KEVIN DERELL BILLIOUPS          )
                                )
     v.                         )        NO. 3:11-0195
                                )
METROPOLITAN GOVERNMENT OF      )
NASHVILLE AND DAVIDSON COUNTY,  )
et al.                          )

TO:  Honorable William J. Haynes, Jr., District Judge


# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered March 10, 2011 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are the motion to dismiss filed by Defendant ABL Management, Inc. (Docket Entry No. 18) and motion to dismiss filed by Defendants Thomas Wright, Timothy Hindsley, and the Metropolitan Government of Nashville and Davidson County (Docket Entry No. 22). The plaintiff has filed a response in opposition to the motions. See Docket Entry No. 37. For the reasons set out below, the Court recommends that the motions be granted and this action be dismissed.

# I. BACKGROUND

The Plaintiff is a pretrial detainee housed at the Davidson County Criminal Justice Center ("CJC") in Nashville, Tennessee. He filed this action pro se and in forma pauperis on March 2, 2011, seeking relief under 42 U.S.C. § 1983, alleging violation of his constitutional rights. Named as defendants are the Metropolitan Government of Nashville and Davidson County ("Metro"), ABL Management, Inc. ("ABL"),[1] Timothy Hindsley ("Hindsley"), and Thomas Wright ("Wright").

The Plaintiff asserts that ABL provides food service to inmates at the CJC. He alleges that on four consecutive days, January 30 and 31, 2011, and February 1 and 2, 2011, he was given food trays at the CJC which contained dried food particles on them from prior meals. The Plaintiff contends that he gave his trays to Defendants Wright and Hindsley but that neither Defendant took pictures of the trays as he requested and he further contends that instead of being given completely new food trays when he returned the original trays, the food from the original trays was merely placed on new trays and given back to him to eat. Upon his verbal complaints about the matter, he contends that Defendants Wright and Hindsley made the following comments: "write a grievance on ABL," "throw it away," and "don't eat it." See Complaint (Docket Entry No. 1), at 4. The plaintiff alleges that he subsequently experienced painful and constant diarrhea and vomiting, which he attributes to contracting food poisoning or a virus due to the "unsanitary and contaminated" food trays and for which he was treated with two medications.

By the order of referral, the Court found that the Plaintiff's allegations were sufficient to state at least a colorable Eighth Amendment claim for the purposes of frivolity screening under 28

---

[1] Although this defendant is identified in the complaint as only "ABL," the Defendant states that its correct name is "ABL Management, Inc." See Docket Entry No. 19, at 1.

U.S.C. § 1915A and ordered that process issue to the Defendants. In lieu of answers, the Defendants have filed the pending motions to dismiss.

Defendant ABL argues that it is a corporate entity which cannot be held liable under 42 U.S.C. § 1983 on the basis of vicarious liability merely because of the actions of its employees. Additionally, ABL contends that it cannot be deemed liable under Section 1983 based on allegations of negligence.

Defendants Metro, Hindsley, and Wright argue that dismissal of the claims against them is appropriate. They argue that the facts alleged by the Plaintiff do not satisfy either the objective or the subjective components of a constitutional claim and thus the claims should be dismissed. Further, Defendant Metro contends that the Plaintiff fails to sufficiently plead a claim for municipal liability against it. Finally, Defendants Hindsley and Wright raise the defense of qualified immunity to any claims of individual liability against them.

The Plaintiff's response to the motions (Docket Entry No. 37) essentially argues that his allegations that he was not served healthy, nutritious, and uncontaminated food are sufficient to support his claims and to show the liability of each of the named Defendants for the alleged acts.

## II. STANDARD OF REVIEW

The Defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the Plaintiff's favor, and construe the complaint liberally in favor of the pro se Plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d

10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the Plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S.__, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." Iqbal, 129 S.Ct. at 1950. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 1949 (quoting Twombly, 550 U.S. at 557).


## III. CONCLUSIONS

The Defendants' motions to dismiss should be granted and this action should be dismissed for failure to state a constitutional claim upon which relief can be granted.

At its core, any Section 1983 claim premised upon a prison inmate's allegation that his conditions of confinement are unconstitutional must be supported by a showing that the inmate was subjected to the type of severe conditions of confinement which deprived him of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), set forth a two-pronged framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.[2] First, a plaintiff must plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Id. Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMilian, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Second, Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Id. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The Plaintiff's allegations do not satisfy the objective prong of his claim and, as such, there is no basis for constitutional liability against any of the defendants. To satisfy the objective prong, "extreme deprivations are required," Hudson, 503 U.S. at 9, and only grave deprivations of the

_____

[2] Pretrial detainees are protected from mistreatment by the Due Process Clause of the Fourteenth Amendment while convicted felons fall within the purview of the Eighth Amendment's prohibition of cruel and unusual punishment. City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). However, the Eighth Amendment's prohibition against cruel and unusual punishment applies to pretrial detainees through the Due Process Clause of the Fourteenth Amendment, see Bell v. Wolfish, 441 U.S. 520, 535 & n.16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985), and claims brought by pretrial detainees challenging conditions of confinement are analyzed under the Eighth Amendment. See Thompson v. County of Medina, 29 F.3d 238, 242 (6th Cir. 1994).

civilized measure of life's necessities violate the Cruel and Unusual Punishment Clause.  <u>Rhodes</u>, <u>supra</u>; <u>Hadix v. Johnson</u>, 367 F.3d 513, 525 (6th Cir. 2004).  Even taking as true the Plaintiff's allegations that on four occasions he was served a meal on a food tray which had food particles from prior meals on it, that when he returned the trays he was not given new food on new trays but was instead given the same food on new trays, and that he became ill after eating the food on these four occasions, these facts simply do not show that he was subjected to the type of extreme deprivation necessary to implicate the Eighth Amendment and support a claim under Section 1983.  Four instances of dirty food trays evidence only a temporary situation.  Conditions of confinement that are temporary in nature rarely rise to the level implicating constitutional concern.  <u>See</u> <u>Dellis v. Corrections Corp. of Am.</u>, 257 F.3d 508, 511 (6th Cir. 2001).  Further, although the Plaintiff does allege that he became ill after eating the food on the four occasions in question, without more, his allegation of a temporary and minor sickness does not show that he was subjected to an actual and substantial risk of serious damage to his health.  <u>See</u> <u>Farmer</u>, 511 U.S. at 834; <u>Helling v. McKinney</u>, 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

While four  instances of dirty food trays about which the Plaintiff complains may have been unpleasant, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  <u>Ivey v. Wilson</u>, 832 F.2d 950, 954 (6th Cir. 1987).  The Plaintiff has not alleged the type of conditions related to the food he was served at the CJC which are required to show that a violation of his constitutional rights occurred.[3]  <u>Cf</u>. <u>Berryman v. Johnson</u>, 1991 WL 150808 (6th Cir. Aug. 6, 1991)

---

[3] Because the Plaintiff's allegations do not support an underlying claim that his constitutional rights were violated, it is not necessary to address the Defendants' various other arguments for dismissal of the claims against them.

(constitutional claim stated based on allegations that food was served to inmates on a daily basis on trays that were "caked" with old food, had cockroaches crawling on them, and contained feces from birds and vermin); Pittman v. Kolb, 2008 WL 2622949 (E.D. Mich. July 2, 2008) (constitutional claim stated based on allegation that prison guard intentionally exposed an inmate's food tray to communicable diseases).

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss filed by Defendant ABL Management, Inc. (Docket Entry No. 18) and motion to dismiss filed by Defendants Thomas Wright, Timothy Hindsley, and the Metropolitan Government of Nashville and Davidson County (Docket Entry No. 22) be GRANTED and that this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge