IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN DERELL BILLIOUPS, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:11-cv-0195 |
| | ) JUDGE HAYNES |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 38) to grant the motion to dismiss filed by Defendants ABL Management Inc. (Docket Entry No. 18) and grant the motion to dismiss filed by Defendants Thomas Wright, Timothy Hindsley and the Metropolitan Government of Nashville and Davidson County (Docket Entry No. 22). Plaintiff has filed numerous objections to the report. (Docket Entry No. 41).

As an initial matter, Plaintiff seeks leave to amend his complaint to include his objections to the Magistrate's report. (Docket Entry No. 41, Objections, at p. 4) ("If need be I humbly ask the court to allow me to amend or alter my complaint.") This request is not a valid motion to amend.[1] PR Diamonds, Inc. v. Chandler, 91 Fed. Appx. 418, 444 (6th Cir. 2004) (quoting Begala v. PNC Bank, Ohio, N.A, 214 F.3d 776, 784 (6th Cir. 2000)) ("What [plaintiff] may have stated, almost as an aside to the district court in a memorandum in opposition to the defendant's

---

[1] Plaintiff makes a similar request in his motion opposing Defendants' motions to dismiss. (Docket Entry No. 37, Memorandum Opposing Defendants' Motions for Summary Judgment, at p. 6). While the Magistrate does not deal with this issue, for the reasons discussed infra such a request is not sufficient to be considered a valid motion to amend.

motion to dismiss is also not a motion to amend...*Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies* of the complaint and then an opportunity to cure those deficiencies.") (emphasis in original.)

Plaintiff's objections to the Magistrate's report concern the Magistrate Judge's conclusion that the Plaintiff did not plead sufficient facts for his mistreatment claim to state a constitutional violation. (Docket Entry No. 38, Magistrate's Report and Recommendation, at pp. 6,7). For his objections to the Magistrate's Recommendation Plaintiff essentially restates the allegations from his complaint. (Docket Entry No. 41)

The Court disagrees with the Magistrate Judge's conclusion that Plaintiff's complaint fails to state a constitutional claim. "Depriving an inmate of food or serving him contaminated food states a claim for a violation of the Eight Amendment." Thompson v. Michigan Dept. of Corrections, 234 F.3d 1270 (Table), Text at 2000 WL 1597844, at *1 (6th Cir. 2000) (emphasis added) (citing Rhodes v. Chapman, 452 U.S. 336, 348 (1981)). A claim that the food served to an inmate is contaminated is "not frivolous nor did [Plaintiff] fail to state a claim." Id. See also Pittman v. Kolb, No. 07-14892, 2008 WL 2622949, at *4 (E.D. Mich. July 2, 2008) (Eight Amendment claim alleging intentional exposure to serious communicable diseases via food tray delivery survived summary judgment). Here, Plaintiff alleges vomiting and diarrhea as a result of either his eating food prepared by ABL or by food served on a contaminated food tray. (Docket Entry No. 1, Complaint, at p. 5). If as in Pittman, such a claim survives a motion for summary judgment, then such a claim states grounds for relief.

After de novo review, the Report and Recommendation, (Docket Entry No. 38), is set aside. Accordingly, Defendant ABL Management's motion to dismiss is **DENIED**. (Docket Entry No. 18). The motion to dismiss filed by Defendants Thomas Wright, Timothy Hindsley

2

and the Metropolitan Government of Nashville and Davidson County is **DENIED**. (Docket Entry No. 22).

It is so **ORDERED**.

**ENTERED** this the 19th day of August, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge